Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRITTON THOMAS,<br>*on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>JOHN A. YOUDERIAN JR., LLC; JOHN A. YOUDERIAN JR. and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:16-cv-01408-KM-MAH<br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff, Britton Thomas, by way of First Amended Class Action Complaint against Defendants, John A. Youderian Jr., LLC; John A. Youderian Jr. and John Does 1 to 10 says:

### I.   NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendants arising from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA by collecting or attempting to collect $3.00 "convenience fees" from Plaintiff and numerous other New Jersey consumers when such fee is neither expressly authorized by the agreement creating the debt nor permitted by law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

## III. PARTIES

5. Plaintiff, Britton Thomas ("Plaintiff" or "Thomas"), is a natural person residing in Bergen County, New Jersey.

6. Defendant, John A. Youderian Jr., LLC ("JAYJLLC"), is a debt collection attorney with an office located at 2 Chestnut Street, Suite B, Pennsville, NJ 08070.

7. Defendant, John A. Youderian Jr. ("Youderian") is an attorney-at-law of the State of New Jersey engaged in the practice of law as a principal attorney of JAYJLLC.

8. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

9. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV. FACTS

A. Background

10. Defendants are not in the business of extending credit, selling goods or services to consumers.

11. Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

13. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

14. Defendants are engaged in the collection business.

15. At all times relevant to the factual allegations of this Complaint, Youderian is an attorney-at-law of the State of New Jersey engaged in the practice of law as a principal owner, officer, director, shareholder, and/or managing partner of JAYJLLC.

16. Youderian personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of JAYJLLC complained of herein.

17. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from a certain medical account ("Debt" or "Account").

18. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

19. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

20. Defendants contend that the Account is past-due and in default.

21. At some point after Plaintiff's alleged default, the original creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

22. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

23. At all times relevant hereto, Defendants acted in an attempt to collect the Debt.

**B. Unlawful Processing Fee**

24. At all times relevant hereto, Defendants were engaged in conduct that was part of a scheme or business of making or collecting illegal charges from Plaintiff and other New Jersey consumers.

25. In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on March 12, 2015 ("Letter"). A true copy of the Letter, but with redactions, is attached as ***Exhibit A***.

26. The Letter is the first written communication Plaintiff received from Defendants regarding the Account.

27. On information and belief, the Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

28. The Letter states: "You may pay by credit card by filling out the bottom portion of this letter and sending it to our office or by calling us at (856)376-3702 . . . . If you pay by check or money order, your check or money order should be made out to 'John A. Youderian Jr. Esq.' and sent to the address at the top of this page."

29. The Letter provides a section at the bottom for Plaintiff to provide her credit card information and return it to Defendants.

30. The Letter further states: "**IF YOU ARE PAYING BY CREDIT CARD, PLEASE PRINT ALL REQUESTED INFORMATION BELOW, OR CALL (856)376-3702**[.]"

31. The Letter states: "<u>**PLEASE NOTE: WE WILL ADD $3.00 TO ALL CREDIT CARD CHARGES FOR THIS CONVENIENCE.**</u>"

32. The only option Defendants offer to consumers to avoid a $3.00 "convenience fee" is for the consumer to mail a "check or money order."

33. Defendants charge consumers a $3.00 "convenience fee" on all credit card payments.

34. Plaintiff is informed, and believes, and therefore alleges Defendants' collection letters, such as the Letter, are designed to drive least sophisticated consumers, such as Plaintiff, to make payments by credit card.

35. The inclusion of a $3.00 "convenience fee" to make a credit card payment is intended to falsely convey that Defendants are legally and/or contractually permitted to charge a $3.00 "convenience fee" for a credit card payment when in fact such a fee/charge is neither authorized by contract nor permitted by law.

36. The inclusion of a $3.00 "convenience fee" to make a payment is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying by credit card can cause the balance to be assessed a $3.00 "convenience fee" and therefore increase when in fact such a fee/charge is neither authorized by contract nor permitted by law.

37. Consumers often have pre-paid credit cards issued by their health insurance carriers, which they are required to use when paying medical expenses such as the Account; the charge of a $3.00 "convenience fee" is not permitted by health insurance companies as a

reimbursable health expense and, therefore, such payments will be denied thereby becoming the sole responsibility of the consumer to pay.

38. Consumers also often make payments from Health Savings Accounts and by other means when paying medical expenses such as the Account; the charge of a $3.00 "convenience fee" is not permitted by health insurance companies as a reimbursable health expense and, therefore, such payments will be denied thereby becoming the sole responsibility of the consumer to pay.

39. Plaintiff is informed and believes that the creditor of the Account does not charge consumers a $3.00 "convenience fee" for any payments collected using a credit card.

40. The representations on the letters are materially false, deceptive, and misleading in that, *inter alia*, it falsely states that Defendants are legally and/or contractually allowed to charge and collect a $3.00 "convenience fee" for credit card payments, and that *each* credit card payment will result in a $3.00 "convenience fee".

41. Defendant intended that the materially false statements contained on its letters would cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed.

42. The additional $3.00 "convenience fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

43. The additional $3.00 "convenience fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by New Jersey law.

44. Defendants' characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, Defendants incurred with respect to its processing such payments.

45. Defendants' characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of the fee.

46. Defendants' characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process such a payment transaction.

47. Defendants' characterization of the additional $3.00 charge as a "convenience fee" is false, deceptive, and misleading in that Plaintiffs understood it to mean, as would the least sophisticated consumer, that Defendants are legally entitled to charge or collect the fee when, in fact, it is not legally or contractually entitled to do so.

### V.  POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendants' policy and practice to send written collection communications, in the form exemplified by Exhibit A, which violates the FDCPA by:

    a. Making false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; and

    b. Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law.

49. It is also Defendants' policy and practice to collect and attempt to collect amounts that are incidental to the principal obligation, which amounts from consumers that are not expressly authorized by the agreement creating the debt or permitted by law.

50. Defendants used the policies and procedures described above to Plaintiff and numerous other New Jersey consumers.

## VI. CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with an address within in the State of New Jersey who paid the $3.00 fee to Defendants, and/or to whom Defendants sent one or more letter(s) which contained the same or materially similar statement "please note: we will add $3.00 to all credit card charges for this convenience."

53. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

54. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

55. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    a. Whether Defendants are debt collectors under the FDCPA;

    b. Whether Defendants' collection and attempted collection of a $3.00 "convenience fee" with respect to consumer payments violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1); and

    c. Whether Plaintiff and the Class are entitled to statutory damages and actual damages.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA

statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

57. Plaintiff's claims are typical of the claims of the members of the Class.

58. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

59. Plaintiff does not have interests antagonistic to those of the Class.

60. The Class, of which Plaintiff is a member, is readily identifiable.

61. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

62. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

63. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VII. FIRST COUNT: VIOLATIONS OF THE FDCPA

64. Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

65. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

66. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

67. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

68. The Letter, copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

69. The letters, which are the same or similar in form to Exhibit A, sent by Defendants to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

70. The Letter and the letters that are the same and similar in form to the Letter were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

71. Defendants' use of the written communications in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA in one or more of the following ways:

    a. Defendants made false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

  b. Defendants made false representations of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

  c. Defendants made false representations that services rendered or compensation may be lawfully received, in violation of 15 U.S.C. § 1692e(2)(B);

  d. Defendants threatened to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

  e. Defendants used false representations or deceptive means to collect or attempt to collection a debt, in violation of 15 U.S.C. § 1692e(10).

  f. Defendants used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

  g. Defendants attempted to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1); and

  h. Defendants failed to properly disclose the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

72. The violations of the FDCPA described herein constitute *per se* violations.

73. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Britton Thomas, on behalf of himself and others similarly situated, demands judgment against Defendant, John A. Youderian Jr., LLC, and John A. Youderian Jr. as follows:

  A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.     For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.     For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.     For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.     For pre-judgment and post-judgment interest; and

G.     For such other and further relief as the Court deems equitable and just.

## IX.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the proposed class*

Dated: July 1, 2016